UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN F., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 5:22-cv-02090-SP <br><br> **MEMORANDUM OPINION AND ORDER** |

## I.

## INTRODUCTION

On November 23, 2022, plaintiff Kathryn F. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). The parties have fully briefed the issues in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents four disputed issues for decision: (1) whether the administrative law judge ("ALJ") properly considered the opinion of consultative examiner Dr. Sandra Cortez; (2) whether the residual functional capacity ("RFC") determination was

1

supported by substantial evidence; (3) whether the ALJ posed a complete hypothetical to the vocational expert; and (4) whether the ALJ erred at step two.  Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 2-13; *see* Defendant's Memorandum in Support of Answer ("D. Mem.") at 2-10.

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly considered the opinion of Dr. Cortez and incorporated her opinion in the RFC determination and hypothetical, and properly discounted plaintiff's cyclical vomiting in formulating the RFC, but erred at step two.  The court therefore remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was 24 years on her alleged disability onset date.  AR at 65, 86.  Plaintiff is a high school graduate and has past relevant work as a courtesy clerk, warehouse worker, and dishwasher.  AR at 59-60, 289.

On November 10, 2020, plaintiff filed applications for a period of disability, DIB, and SSI due to generalized anxiety disorder, insomnia, irritable bowel syndrome, and vomiting.  AR at 66, 87.  The applications were denied initially and upon reconsideration, after which plaintiff filed a request for a hearing.  AR at 157-78.

On June 10, 2022, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ.  AR at 38-64.  The ALJ also heard testimony from Lorian Hyatt, a vocational expert.  AR at 59-61.  On July 14, 2022, the ALJ denied plaintiff's claim for benefits.  AR at 16-31.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since July 10, 2019, the alleged onset date.  AR at 19.

At step two, the ALJ found plaintiff suffered from the severe impairments of: gastroesophageal reflux disease; cyclical vomiting; slow transit constipation; Duane's syndrome; and generalized anxiety disorder. *Id.*

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1. AR at 20.

The ALJ then assessed plaintiff's RFC, and determined plaintiff had the RFC to perform less than a full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b). AR at 21. Specifically, plaintiff: could lift and carry 20 pounds occasionally and 10 pounds frequently; could stand and walk six hours in an eight-hour day; could sit six hours in an eight-hour day; could frequently push, pull, climb, balance, stoop, kneel, crouch, crawl, and walk on uneven terrain; and could not be exposed to hazards such as dangerous moving machinery or unprotected heights. *Id.* The ALJ also determined plaintiff: could follow simple directions and perform simple tasks in a routine work environment; could not interact with the public; could have frequent interactions with coworkers and supervisors, but could not perform tandem tasks or work as part of a team; and could perform low-stress work, which was defined as involving only occasional decision making and occasional, simple changes in the work setting. AR at 21-22.

The ALJ found, at step four, that plaintiff was unable to perform her past relevant work as a courtesy clerk, warehouse worker, or dishwasher. AR at 29.

At step five, the ALJ found there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including assembler, electronics worker, and inspector. AR at 29-30. Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act. AR at 30.

Plaintiff filed a timely request for review of the ALJ's decision, which the Appeals Council denied. AR at 1-3. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## **DISCUSSION**

**A.    The ALJ Properly Considered the Opinion of the Consultative Examiner and Incorporated Her Opined Limitations in the RFC Determination**

Plaintiff contends the ALJ failed to properly consider the opinion of consultative psychologist Dr. Sandra Cortez. P. Mem. at 2-5. Specifically, plaintiff argues the ALJ

explicitly found Dr. Cortez's opinion persuasive, but nonetheless failed to incorporate into plaintiff's RFC Dr. Cortez's opined moderate limitations: in focusing and maintaining attention; maintaining concentration, persistence, and pace; and performing work activities on a consistent basis without special or additional supervision. *Id.* at 4. Consequently, plaintiff argues the ALJ's RFC determination was not supported by substantial evidence. *Id.* at 4-5.

RFC is what one can "still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ reaches an RFC determination by reviewing and considering all of the relevant evidence, including non-severe impairments. 20 C.F.R. §§ 404.1545(a)(1)-(2), 416.945(a)(1)-(2); see Social Security Ruling ("SSR") 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").[1]

The evidence an ALJ relies on in an RFC assessment includes medical evidence and opinions. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). An ALJ considers the persuasiveness of the medical opinions and findings based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the medical opinion. 20 C.F.R. §§ 404.1520c(b)-(c), 416.920c(b)-(c). The most important of these factors are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ "must 'articulate . . . how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785,

---

[1] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (internal citations omitted).

792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)). The ALJ may, but generally is not required to, explain how she or he considered the other three factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). But when two or more medical opinions "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is then required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

On April 28, 2022, Dr. Sandra Cortez, a psychologist, examined plaintiff. AR at 634-38. Plaintiff complained of general anxiety, paranoia, panic attacks, and fear of dying. AR at 634. Plaintiff reported she was not taking psychiatric medications or receiving psychiatric treatment, but had been in therapy. AR at 635, 637. Plaintiff stated she cannot work in stressful environments because she tends to shut down, she was forgetful, and she was able to carry out simple tasks but often needed help due to becoming overly anxious. AR at 637. During the mental status examination, Dr. Cortez observed plaintiff maintained poor eye contact, was unable to establish rapport, had a labile mood and tearful affect, exhibited thought blocking, could do simple math but not serial sevens and threes, could analyze simple proverbs, and had common sense understandings. AR at 636. Based on the examination and plaintiff's history, Dr. Cortez opined plaintiff had mild difficulties or limitations in her ability to: maintain composure and even temperament; perform simple and repetitive tasks; and complete a normal workday or workweek. AR at 637. Dr. Cortez opined plaintiff had moderate difficulties or limitations in: maintaining social functioning; focusing and maintaining attention; concentration, persistence, and pace; performing detailed and complex tasks; performing work activities on a consistent basis without special or additional supervision; accepting instructions from supervisors and interacting with coworkers and the public; and handling the usual stress, changes, and demands of gainful employment. *Id.*

In reaching her RFC determination, the ALJ found Dr. Cortez's opinion persuasive because she examined plaintiff and her opinion was consistent with the examination

findings, other medical evidence, plaintiff's conservative treatment, and plaintiff's daily activities. AR at 27. The ALJ also found state agency physician Dr. S. Nair's opinion to be persuasive and state agency physician Dr. N. Haroun's opinion to be partially persuasive.[2] AR at 27-28.

"[M]oderate impairments assessed in broad functional areas used at steps two and three of the sequential process do not equate to concrete work-related limitations for purposes of determining a claimant's RFC." *Young v. Colvin*, 2014 WL 4959264, at *10 (E.D. Cal. Oct. 1, 2014) (internal quotation marks and citation omitted); *Phillips v. Colvin*, 61 F. Supp. 3d 925, 940 (N.D. Cal. 2014) (a step three determination that a claimant has "a moderate difficulty in concentration, persistence, or pace does not automatically translate to a RFC finding with these limitations"). It is an ALJ's responsibility to translate medical opinions into concrete, functional limitations. *Rounds v. Comm'r*, 807 F.3d 996 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); *see Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (ALJ translated claimant's condition into concrete restrictions). The translation of the limitations must be consistent or supported by the evidence in the record. *Stubbs-Danielson*, 539 F.3d at 1174 ("[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony.").

Here, the ALJ's RFC restrictions were consistent with Dr. Cortez's opinion and were supported by the evidence. The ALJ's limitation of plaintiff to simple tasks in a routine work environment adequately captures Dr. Cortez's opinion that plaintiff has

---

[2]  Dr. Nair opined plaintiff was able to sustain attention and concentration to complete a regular workday at an acceptable pace and attendance schedule if performing low-stress, simple work with limited public contact; interact adequately in casual settings and respond appropriately to constructive instructions; and respond to simple or infrequent changes in routine. AR at 119, 122-25, 140, 143-46. Dr. Haroun had the same opinion except limiting plaintiff to one-to-two step tasks, which the ALJ found was inconsistent with plaintiff's ability to do chores, run errands, shop, and cook. AR at 27, 74, 80-82, 101-03.

7

moderate limitations in focusing and maintaining attention, concentration, persistence, and pace. The Ninth Circuit and its district courts have consistently held that a reasonable translation of moderate limitation in maintaining concentration, persistence, and pace is a limitation to simple, routine work. *See Stubbs-Danielson*, 539 F.3d at 1173-74 (the limitation to simple, routine, repetitive sedentary work properly incorporated limitations regarding attention, concentration and pace); *see also Shoemaker v. Berryhill*, 710 F. App'x 750, 751 (9th Cir. 2018) (ALJ's translation of moderate limitations with concentration, persistence, and pace to simple, routine tasks with the freedom to shift in a chair at will without taking him off task was a rational interpretation of plaintiff's self-reported limitations); *Turner v. Berryhill*, 705 F. App'x 495, 498 (9th Cir. 2017) ("An RFC determination limiting a claimant to 'simple, repetitive tasks' adequately captures [moderate] limitations in concentration, persistence, or pace where the determination is consistent with the restrictions identified in the medical evidence."); *Teresa M. v. Kijakazi*, 2021 WL 2941978, at *7 (C.D. Cal. Jul. 13, 2017) ("[T]he ALJ adequately accounted for Plaintiff's moderate limitations in concentration and persistence by limiting her to noncomplex, routine tasks."); *Bennett v. Colvin*, 202 F. Supp. 3d 1119, 1127 (N.D. Cal. 2016) ("[T]he ALJ did not err in translating his finding of a mild to moderate limitation in concentration, persistence, and pace into a restriction to light work and simple, repetitive tasks."). The ALJ's assessment is further supported by Dr. Nair's opinion that plaintiff was able to perform simple work. *See* AR at 123, 144.

Similarly, as to Dr. Cortez's opined moderate limitations in performing work activities on a consistent basis without special or additional supervision, it was reasonable for the ALJ to translate them into an RFC limitation to simple directions and simple tasks in a routine work environment, and low stress work involving only occasional decision making and simple changes in the work setting. *See Duran v. Berryhill*, 2017 WL 2588069, at *8 (C.D. Cal Jun. 14, 2017) (the ALJ appropriately translated moderate limitation in the ability perform work activities without special or additional supervision and other limitations to "'simple, repetitive tasks' with limitations on fast-paced work,

teamwork, and contact with the public, coworkers, and supervisors"); *Amloian v. Colvin*, 2016 WL 7223260, at *6 (C.D. Cal. Dec. 13, 2016) ("[T]he ALJ's RFC assessment limiting Plaintiff to 'simple, routine tasks, which are object oriented in a habituated setting' accommodated his moderate limitations in performing work activities without special or additional supervision, completing a work week, and managing stress."). Again, the ALJ's translation is supported by Dr. Nair's opinion that plaintiff could perform low-stress, simple work with simple or infrequent changes. See AR at 123, 144.

Accordingly, the ALJ properly considered Dr. Cortez's opinion and translated it to functional limitations in the RFC assessment.

**B.     The RFC Determination Was Supported by Substantial Evidence**

Plaintiff argues the ALJ's RFC determination was not supported by substantial evidence because it failed to incorporate some of Dr. Cortez's opined limitations and failed to provide off-task time to account for her cyclical vomiting. P. Mem. at 5-10. That the ALJ in fact incorporated Dr. Cortez's opined limitations was addressed above.

As for plaintiff's cyclical vomiting, the ALJ properly considered it and determined no related functional limitation was required. The record reflects plaintiff suffered from cyclical vomiting. *See, e.g.,* AR at 380-81, 384. The ALJ acknowledged this impairment and found it was severe at step two. AR at 19. With respect to her RFC determination, the ALJ noted that, in June and August 2020, plaintiff reported only having emesis during her menstrual cycle and that Zofron prevented emesis at 80%. AR at 23; *see* AR at 381, 384. Subsequent records do not reflect any complaints about vomiting. *See Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). No physician who examined plaintiff or reviewed her medical records opined plaintiff required off-task time to accommodate her cyclical vomiting. As such, the ALJ properly determined plaintiff's cyclical vomiting was controlled by medication and she did not require functional limitations relating to the impairment. The RFC determination was therefore supported by substantial evidence.

1 **C.   The ALJ Posed a Complete Hypothetical to the Vocational Expert**

Plaintiff asserts the ALJ failed to pose a complete hypothetical to the vocational expert. P. Mem. at 10-12. Specifically, plaintiff contends the hypothetical was incomplete because it failed to incorporate limitations concerning her attention, concentration, persistence, pace, ability to engage in work activities on a consistent basis without special or additional supervision, and cyclical vomiting. *Id.* Plaintiff's argument is simply a repeat of her first two arguments – it rests on her assertion that the ALJ failed to incorporate Dr. Cortez's limitations and account for her cyclical vomiting. As the court discussed above, the ALJ properly considered Dr. Cortez's opinion and translated it to functional limitations and determined plaintiff's cyclical vomiting was controlled with medication. As such, the ALJ posed a complete hypothetical to the vocational expert.

**D.   The ALJ Erred at Step Two**

Plaintiff contends the ALJ erred at step two when she found plaintiff's migraine headaches were not severe. P. Mem. at 12-13. Specifically, plaintiff argues the medical evidence supported a finding of severe, and the ALJ failed to address plaintiff's testimony. *Id.*

At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Id.* (citation and quotation marks omitted).

Here, the ALJ determined plaintiff had the medically determinable mental impairment of migraine headaches, but concluded that it was not severe because plaintiff declined various medications, the headaches were managed with sumatriptan (brand name Imitrix), plaintiff's migraines were not intractable and without status migrainosus, and an MRI showed no intercranial abnormality. AR at 19.

      Plaintiff first reported migraine headaches in March 2021. AR at 516. Her primary care physician prescribed sumatriptan for the headaches. *See* AR at 642. In May 2021, plaintiff complained to a neurologist that her headaches could last up to one and a half weeks, but she declined to take verapamil as recommended. AR at 640, 642. A September 3, 2021 MRI of the brain reflected no significant abnormality. AR at 648. On September 28, 2021, plaintiff reported at least 15 headaches per month, but declined to take amitriptyline as recommended by the neurologist. AR at 651, 653. By March 2022, plaintiff reported that her migraine headaches were stable and sporadic, and again declined the neurologist's recommendation to take amitriptyline. AR at 655-56. Instead, plaintiff agreed to take a lower than recommended dosage of rizatriptan. AR at 656. In May 2022, plaintiff reported that her migraines were stable, she only had a headache once a week, and rizatriptan helped. AR at 658.

      The mere diagnosis of an impairment does not establish that it was severe. *Febach v. Colvin*, 580 F. App'x 530 (9th Cir. 2014) (a "diagnosis alone is insufficient for finding a 'severe' impairment"); *see Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999) ("Although the [claimant] clearly does suffer from diabetes, high blood pressure, and arthritis, there is no evidence to support his claim that those impairments are 'severe.'"). But here, the record reflects that plaintiff still gets either sporadic or weekly migraine headaches. This was sufficient to pass the de minimis threshold of step two. Therefore, the ALJ erred at step two.

      An ALJ's step two error may be harmless if step two was otherwise decided in a claimant's favor and the ALJ continued to subsequent steps and considered all impairments, severe and non-severe, in the determination of plaintiff's RFC. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (any error the ALJ committed at step two was harmless because the step was resolved in claimant's favor); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (the failure to address an impairment at step two is harmless if the RFC discussed it in step four). In the decision, the ALJ stated she considered all non-severe impairments in the RFC determination and noted plaintiff's

complaints of headaches in her assessment. AR at 20, 25. While that is normally sufficient to render a step two error harmless, here, it appears the ALJ failed to properly consider all of the evidence concerning plaintiff's headaches. Specifically, the ALJ does not appear to have considered plaintiff's testimony that she sometimes could not even look out of the window because the sun irritated her migraines and her migraines were severe five to seven days out of a month. AR at 55-56. Thus, while it is a close call whether the ALJ's step two error was harmless, because the ALJ does not appear to have considered all the evidence concerning plaintiff's migraines, the court finds it was not.

Accordingly, the ALJ erred at step two, and the error was not harmless.

## V.

## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Typically, in accordance with the "ordinary remand rule," the reviewing court will remand to the Commissioner for additional investigation or explanation upon finding error by the ALJ. *Treichler v. Comm'r*, 775 F.3d 1090, 1099 (9th Cir. 2014). Nonetheless, it is appropriate for the court to exercise its discretion to direct an immediate award of benefits where: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinions; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (setting forth three-part credit-as-true standard for remanding with instructions to calculate and award benefits). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d

1172, 1179-80 (9th Cir. 2000).  In addition, the court must "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.

Here, there are outstanding issues to be resolved and remand is required.  On remand, the ALJ shall reevaluate the evidence at step two and consider plaintiff's testimony regarding her migraine headaches, and either credit her subjective complaints or provide clear and convincing reasons for rejecting them.  The ALJ shall then reassess plaintiff's RFC and proceed through steps four and five to determine what work, if any, plaintiff is capable of performing.

## VI.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

Dated: March 27, 2024

_____
SHERI PYM
United States Magistrate Judge